IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50149
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO AGUILERA-AYALA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. P-99-CR-275-1-FB

_____

March 21, 2001

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fernando Aguilera-Ayala appeals his conviction and 77-month sentence following his plea of guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. Aguilera argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Although the Supreme Court has questioned its ruling in Almendarez-

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Torres</u>, it has not been overruled by the Supreme Court.  <u>See</u> <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2361-62 & n.15 (2000); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u> (U.S. Jan. 26, 2001)(No. 00-8299). Aguilera's argument is foreclosed.

In the alternative, Aguilera contends that because he did not admit to his prior felony during his rearraignment, his case is distinguishable from <u>Almendarez-Torres</u>.  He has failed to show plain error arising from the district court's application of <u>Almendarez-Torres</u>.  <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Accordingly, Aguilera's conviction and sentence are

A F F I R M E D.